## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN
## MADISON DIVISION

| | |
|---|---|
| John Gatt<br><br>    Plaintiff,<br><br>v.<br><br>The Brachfeld Law Group, P.C.<br><br>    Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

### PARTIES

1. Plaintiff is a natural person who resided in Fort Atkinson, WI at all times relevant to this action.

2. Defendant is a California Professional Corporation that maintained its principal place of business in El Segundo, CA at all times relevant to this action.

### JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.

4. Pursuant to 28 U.S.C. §1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

### STATEMENT OF FACTS

5. At all times relevant to this action, Defendant engaged in the business of consumer debt collection.

6. Defendant regularly uses the telephone and mail to collect consumer debts that Defendant either purchased or had been hired to collect.

7. The principal source of Defendant's revenue is debt collection.

8. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

9. As described below, Defendant contacted Plaintiff about an obligation that Plaintiff allegedly owed to Bank of America, which had been incurred for personal rather than commercial purposes.

10. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

11. As described below, Defendant attempted to collect the debt from Plaintiff, and in so doing, has alleged that Plaintiff owed the debt.

12. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

13. On or around February 15, 2012, Defendant telephoned Plaintiff in connection with the collection of the debt.  During this communication, Defendant's employee Ricky Morgan threatened to garnish Plaintiff's wages in the amount of $800.00 per month.

14. On or around February 18, 21012 Plaintiff retained an attorney to file bankruptcy.

15. On or around March 13, 2012, Defendant telephoned Plaintiff in connection with the collection of the debt.  During this communication, Plaintiff notified Defendant that Plaintiff had retained an attorney with respect to the debt and provided Plaintiff's attorney's contact information.  Defendant then again threatened to garnish Plaintiff's wages.

16. Despite this notice, Defendant telephoned Plaintiff in connection with the collection of the debt on March 29, March 30, and March 31, 2012 .

17. During several of these communications, Plaintiff again notified Defendant that that Plaintiff was represented by a bankruptcy attorney.

18. At the time of the above communications, Defendant had neither the intent nor ability to garnish Plaintiff's wages in the amount of $800.00 per month.

19. Defendant caused Plaintiff emotional distress.

20. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

21. Defendant violated 15 U.S.C. §1692c(a)(2) by communicating with Plaintiff notwithstanding knowledge that Plaintiff was represented by an attorney with respect to the debt.

22. In support hereof, Plaintiff incorporates paragraphs 14-17 as if specifically stated herein.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

23. Defendant violated 15 U.S.C. §1692e5 by threatening to take action that cannot legally be taken or that was not intended to be taken.

24. In support hereof, Plaintiff incorporates paragraphs 13-18 as if specifically stated herein.

## JURY DEMAND

25. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

26. Plaintiff prays for the following relief:

a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

b. For such other legal and/or equitable relief as the Court deems appropriate.

               RESPECTFULLY SUBMITTED,

               Macey Bankruptcy Law, P.C.

               By: <u>s/Nicholas J. Prola</u>
                   Nicholas J. Prola
                   233 S. Wacker, Suite 5150
                   Chicago, IL 60606
                   Telephone:  866-339-1156
                   Fax: 312-822-1064
                   Email:  nprola@maceybankruptcylaw.com